IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO JAVIER AGUILAR-ALVAREZ,<br><br>　　　　　　　　Defendant. | CASE NO. 1:12-CR-00092-AWI-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(C)(2) |

　　The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant was sentence to the statutorily required minimum sentence and the Court is without authority to reduce his sentence further. The Court will deny the defendant's motion.

　　Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical

///

types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

The drug quantity finding in this case was that the defendant was responsible for 2.268 kilograms of methamphetamine. That drug quantity yielded a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3) (2012). The sentencing court applied a two-level enhancement for the defendant's leadership role, U.S.S.G. § 3B1.1(c), and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 33. The defendant's criminal history category was III. The resulting range was 168 to 210 months of imprisonment. The Court sentenced the defendant below the guideline range to 120 months in prison, the statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A).

The offense level for the offense at issue has been subsequently lowered by the Sentencing Commission, resulting in a sentencing range of 135 to 168 months. Although the amended guideline range for the defendant's crime has been lowered, he originally received a sentence lower than the 135-month minimum of the amended guideline range. While the original sentence was based upon a motion by the government pursuant to Section 5K1.1, the government did not move for a departure below the statutorily required minimum 120-month sentence. Therefore, the Court is without jurisdiction to reduce the defendant's sentence further. *See* U.S.S.G. § 1B1.10(b)(2) and (c). Because the defendant's sentence was not based on "a sentencing range that has subsequently been lowered by the Sentencing Commission," but rather, was based on the statutory mandatory minimum under Title 21, United States Code, Section 841(b)(1)(A), the Court may not reduce the sentence further.

IT IS HEREBY ORDERED that the defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:  November 10, 2015                               _____
                                                          SENIOR DISTRICT JUDGE